United States District Court
for the
Southern District of Florida

| Surinaamse Luchtvaart Maatschappij N.V., Plaintiff, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 19-21897-Civ-Scola |
| ALM International B.V. and ALM International, LLC, Defendants. | ) ) ) | |

**<u>Opinion Order Dismissing Case</u>**

This matter is before the Court on an independent review of the record. The Plaintiff Surinaamse Luchtvaart Maatschappij, N.V. ("Surinam Airways") brought this suit on May 10, 2019, asserting four state law claims against Defendants ALM International B.V. ("ALM B.V.") and ALM International, LLC ("ALM LLC"). (the "Complaint," ECF No. 1.) Surinam Airways identifies the diversity statute, 28 U.S.C. § 1332, as the sole basis for federal subject matter jurisdiction in this case. (ECF No. 1 at ¶ 5.)

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Under 28 U.S.C. § 1332(a)(2), a district court has jurisdiction over a case "between . . . citizens of a State and citizens or subjects of a foreign state." Such "alienage jurisdiction," however, "prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (citing *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 232 F.3d 854, 860 (11th Cir.2000)). Put differently, "[a]lienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on both sides of a dispute will defeat jurisdiction." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018). "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *Molinos Valle Del Cibao*, 633 F.3d at 1340.

The diversity statute is not a source of federal jurisdiction in this case. Surinam Airways is "a company organized and existing under the laws of the Republic of Suriname, with its principal place of business in Paramaribo, Suriname." (ECF No. 1 at ¶ 2.) The Plaintiff is therefore a citizen of Suriname. ALM B.V. is a "company organized and existing under the law of the Netherlands, with its principal place of business in Schiphol, Netherlands." (*Id.* at ¶ 3.) ALM B.V. is thus a citizen of the Netherlands, meaning foreign parties exist on both

side of this case.[1] Because a United States citizen is not a plaintiff to this suit, there is no alienage jurisdiction. *Molinos Valle de Cibao*, 633 F.3d at 1341 ("alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants").

As a result, 28 U.S.C. § 1332 does not create federal subject matter jurisdiction in this case. Surinam Airways furthers no other basis for federal jurisdictional, and the Court **dismisses this case without prejudice**. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotations omitted)). The **Clerk** is instructed to **close this case**. All pending motions, if any, are **denied as moot**.

**Done and ordered**, in Chambers, at Miami, Florida on May 13, 2019.

Robert N. Scola, Jr.
United States District Judge

---

[1] Surinam Airways further alleges that ALM LLC is "a company organized and existing under the law of Florida, with its principal place of business in Schiphol, Netherlands." (ECF No. 1 at ¶ 4.) ALM LLC's state of incorporation and principal place of business have no bearing its citizenship under the diversity statute. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for diversity purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen"). In any event, even if properly alleged, the citizenship of ALM LLC could not create diversity jurisdiction here, where there is no domestic plaintiff and foreign parties sit on both sides of the case.